**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| **NOKIA TECHNOLOGIES OY,** | |
| **Plaintiff,** | **Civil Action No. 23-cv-1237-GBW** |
| **v.** | **JURY TRIAL DEMANDED** |
| **HP, INC.,** | |
| **Defendant.** | |

<u>**NOKIA TECHNOLOGIES OY'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO HP, INC.'S COUNTERCLAIMS**</u>

Plaintiff/Counterclaim Defendant Nokia Technologies Oy ("Nokia") hereby answers the Counterclaims of HP, Inc. ("HP") in numbered paragraphs corresponding to the paragraphs of Defendant/Counterclaim Plaintiff HP's Original Counterclaims. (D.I. 11 at 44–83.) To the extent any allegation contained in HP's Counterclaims is not specifically admitted, it is hereby denied. Nokia further denies any allegation that may be implied or inferred from the headings of HP's Counterclaims.

<u>**COUNTERCLAIMS**</u>

1. Nokia denies the allegations in this paragraph.

2. Nokia denies the allegations in this paragraph.

3. Nokia denies the allegations in this paragraph.

4. Nokia admits that it has brought claims against HP in the U.S. International Trade Commission, and Unified Patent Court in Germany. Nokia otherwise denies the allegations in this paragraph as calling for legal conclusions.

5. Nokia denies the allegations in this paragraph as calling for legal conclusions.

6. Nokia admits that it owns patent with certain claims that are essential to the Asserted Standards, but otherwise denies the allegations in this paragraph.

## THE PARTIES

7.      Nokia admits the allegations in this paragraph.

8.      Nokia admits the allegations in this paragraph.

## JURISDICTION AND VENUE

9.      Nokia denies the allegations in this paragraph as calling for legal conclusions.

10.     Nokia denies the allegations in this paragraph as calling for legal conclusions.

11.     Nokia denies the allegations in this paragraph as calling for legal conclusions.

12.     Nokia denies the allegations in this paragraph as calling for legal conclusions.

13.     Nokia denies the allegations in this paragraph as calling for legal conclusions.

14.     Nokia denies the allegations in this paragraph as calling for legal conclusions.

## STANDARD SETTING ORGANIZATIONS AND STANDARDS DEVELOPMENT

15.     Nokia admits that standard-development organizations ("SDOs") develop, institute, and disseminate technical standards and specifications in various industries that allow a product produced by one manufacturer to connect and interoperate with a product produced by another manufacturer, when both products support the same standard. Nokia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis, denies them.

16.     Nokia admits that SDOs oversee the development of technical standards and that SDO members submit technological ideas for inclusion into standards. Nokia admits that SDOs evaluate and ultimately adopt certain technologies when developing standards. Nokia admits that standards may change over time. Nokia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis, denies them.

17.     Nokia admits that standards lead to improved products for consumers.  Nokia otherwise denies the allegations in this paragraph as calling for legal conclusions.

2

18.     Nokia admits that certain SDOs maintain policies relating to intellectual property rights, sometimes referred to as IPR policies. Nokia otherwise denies the allegations in this paragraph as calling for legal conclusions.

19.     Nokia admits that certain SDOs maintain policies relating to intellectual property rights, sometimes referred to as IPR policies. To the extent that this paragraph purports to paraphrase, summarize, or characterize the content of any IPR policy, Nokia refers to the underlying document itself for a true and complete recitation of its contents. Nokia otherwise denies the allegations in this paragraph as calling for legal conclusions.

20.     To the extent that this paragraph purports to paraphrase, summarize, or characterize the content of any IPR policy, Nokia refers to the underlying document itself for a true and complete recitation of its contents. Nokia otherwise denies the allegations in this paragraph as calling for legal conclusions.

21.     Nokia admits that certain SDOs have IPR policies that govern standards adopted by such SDOs, and the requirements of such policies are set forth in those documents. Nokia otherwise denies the allegations in this paragraph as calling for legal conclusions.

## ITU'S COMMON PATENT POLICY AND GUIDELINES CONCERNING INTELLECTUAL PROPERTY RIGHTS

22.     Nokia admits that that the International Telecommunication Union is a Switzerland-based SDO composed of three sectors. Nokia admits that the ITU's telecommunications sector, ITU-T, oversees the development of certain standards. Nokia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis, denies them.

23.     Nokia admits that certain Nokia affiliates have been members of ITU-T. Nokia admits that the ITU-T maintains a Common Patent Policy which may be found at the following

website: https://www.itu.int/en/ITU-T/ipr/Pages/policy.aspx. Nokia otherwise denies the allegations in this paragraph as calling for legal conclusions.

24.     To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of the Common Patent Policy, Nokia refers to the underlying document itself for a true and complete recitation of its contents. Nokia otherwise denies the allegations in this paragraph as calling for legal conclusions.

25.     Nokia admits that the ITU-T has published a document titled "Guidelines for Implementation of the Common Patent Policy for ITU-T/ITU-R/ISO/IEC," ("Guidelines") which is available at the following website: https://www.itu.int/dms_pub/itu-t/oth/04/04/T04040000010006PDFE.pdf. To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of the Guidelines, Nokia refers to the underlying document itself for a true and complete recitation of its contents. Nokia otherwise denies the allegations in this paragraph.

26.     To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of the Common Patent Policy or the Guidelines, Nokia refers to the underlying documents themselves for a true and complete recitation of their contents. Nokia otherwise denies the allegations in this paragraph as calling for legal conclusions.

27.     To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of the Guidelines, Nokia refers to the underlying document itself for a true and complete recitation of its contents. Nokia otherwise denies the allegations in this paragraph as calling for legal conclusions.

## NOKIA'S NON-DISCLOSURE AND/OR DELAYED DISCLOSURE OF IPR DURING THE STANDARD-SETTING PROCESS

28.     Nokia denies the allegations in this paragraph.

29.     Nokia denies the allegations in this paragraph.

30.     Nokia denies the allegations in this paragraph.

31.     Nokia denies the allegations in this paragraph.

32.     Nokia denies the allegations in this paragraph.

33.     Nokia denies the allegations in this paragraph as calling for legal conclusions.

34.     Nokia lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis, denies them.

35.     Nokia denies the allegations in this paragraph.

## THE '134 PATENT

36.     The '134 Patent speaks for itself, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

37.     The '134 Patent and related assignment documents speak for themselves, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

38.     Nokia denies the allegations in this paragraph as calling for legal conclusions.

39.     The '134 Patent and its prosecution history speak for themselves, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

40.     Nokia admits that it has alleged that at least Claim 1 of the '134 Patent is essential to the H.264 Standard. Nokia denies the allegations in this paragraph as calling for legal conclusions.

41.     To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of the Exhibit F to the Counterclaims (D.I. 11-6), Nokia refers to the underlying document itself for a true and complete recitation of its contents. Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith.

**THE '991 PATENT**

42.    The '991 Patent speaks for itself, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

43.    The '991 Patent and related assignment documents speak for themselves, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

44.    Nokia denies the allegations in this paragraph as calling for legal conclusions.

45.    The '991 Patent and its prosecution history speak for themselves, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

46.    Nokia admits that it has alleged that at least Claim 22 of the '991 Patent is essential to the H.265 Standard. Nokia denies the allegations in this paragraph as calling for legal conclusions.

47.    To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of the Exhibit E to the Counterclaims (D.I. 11-5), Nokia refers to the underlying document itself for a true and complete recitation of its contents. Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith.

**THE '321 PATENT**

48.    The '321 Patent speaks for itself, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

49.    The '321 Patent and related assignment documents speak for themselves, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

50.    Nokia denies the allegations in this paragraph as calling for legal conclusions.

51.    The '321 Patent and its prosecution history speak for themselves, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

52.     Nokia admits that it has alleged that at least Claim 8 of the '321 Patent is essential to the H.264 Standard. Nokia denies the allegations in this paragraph as calling for legal conclusions.

53.     To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of the Exhibit F to the Counterclaims (D.I. 11-6), Nokia refers to the underlying document itself for a true and complete recitation of its contents. Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith.

54.     Nokia admits that it has alleged that at least Claim 8 of the '321 Patent is essential to the H.265 Standard. Nokia denies the allegations in this paragraph as calling for legal conclusions.

55.     To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of the Exhibit D to the Counterclaims (D.I. 11-4), Nokia refers to the underlying document itself for a true and complete recitation of its contents. Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith.

**THE '273 PATENT**

56.     The '273 Patent speaks for itself, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

57.     The '273 Patent and related assignment documents speak for themselves, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

58.     Nokia denies the allegations in this paragraph as calling for legal conclusions.

59.     The '273 Patent and its prosecution history speak for themselves, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

60.     Nokia admits that it has alleged that at least Claim 1 of the '273 Patent is essential to the H.264 Standard. Nokia denies the allegations in this paragraph as calling for legal conclusions.

61.     To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of the Exhibit G to the Counterclaims (D. I. 11-7), Nokia refers to the underlying document itself for a true and complete recitation of its contents. Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith.

## THE '818 PATENT

62.     The '818 Patent speaks for itself, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

63.     The '818 Patent and related assignment documents speak for themselves, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

64.     Nokia denies the allegations in this paragraph as calling for legal conclusions.

65.     The '818 Patent and its prosecution history speak for themselves, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

66.     Nokia admits that it has alleged that at least Claim 6 of the '818 Patent is essential to the H.264 Standard. Nokia denies the allegations in this paragraph as calling for legal conclusions.

67.     To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of the Exhibit H to the Counterclaims (D.I. 11-8), Nokia refers to the underlying document itself for a true and complete recitation of its contents. Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith.

68.     Nokia admits that it has alleged that at least Claim 6 of the '818 Patent is essential to the H.265 Standard. Nokia denies the allegations in this paragraph as calling for legal conclusions.

69.     To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of the Exhibit D to the Counterclaims (D.I. 11-4), Nokia refers to the underlying document itself for a true and complete recitation of its contents. Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith.

## THE '808 PATENT

70.     The '808 Patent speaks for itself, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

71.     The '808 Patent and related assignment documents speak for themselves, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

72.     Nokia denies the allegations in this paragraph as calling for legal conclusions.

73.     The '808 Patent and its prosecution history speak for themselves, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

74.     Nokia admits that it has alleged that at least Claim 7 of the '808 Patent is essential to the H.264 Standard. Nokia denies the allegations in this paragraph as calling for legal conclusions.

75.     To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of the Exhibit I to the Counterclaims (D.I. 11-9), Nokia refers to the underlying document itself for a true and complete recitation of its contents. Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith.

**THE '599 PATENT**

76.     The '599 Patent speaks for itself, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

77.     The '599 Patent and related assignment documents speak for themselves, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

78.     Nokia denies the allegations in this paragraph as calling for legal conclusions.

79.     The '599 Patent and its prosecution history speak for themselves, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

80.     Nokia admits that it has alleged that at least Claim 1 of the '599 Patent is essential to the H.264 Standard. Nokia denies the allegations in this paragraph as calling for legal conclusions.

81.     To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of the Exhibit G to the Counterclaims (D.I. 11-7), Nokia refers to the underlying document itself for a true and complete recitation of its contents. Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith.

**THE '469 PATENT**

82.     The '469 Patent speaks for itself, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

83.     The '469 Patent and related assignment documents speak for themselves, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

84.     Nokia denies the allegations in this paragraph as calling for legal conclusions.

85.     The '469 Patent and its prosecution history speak for themselves, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

86.     Nokia admits that it has alleged that at least Claim 1 of the '469 Patent is essential to the H.264 Standard. Nokia denies the allegations in this paragraph as calling for legal conclusions.

87.     To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of the Exhibit G to the Counterclaims (D.I. 11-7), Nokia refers to the underlying document itself for a true and complete recitation of its contents. Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith.

## THE '267 PATENT

88.     The '267 Patent speaks for itself, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

89.     The '267 Patent and related assignment documents speak for themselves, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

90.     Nokia denies the allegations in this paragraph as calling for legal conclusions.

91.     The '267 Patent and its prosecution history speak for themselves, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

92.     Nokia admits that it has alleged that at least Claim 19 of the '267 Patent is essential to the H.265 Standard. Nokia denies the allegations in this paragraph as calling for legal conclusions.

93.     To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of the Exhibit J to the Counterclaims (D.I. 11-10), Nokia refers to the underlying document itself for a true and complete recitation of its contents. Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith.

**THE '714 PATENT**

94.     The '714 Patent speaks for itself, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

95.     The '714 Patent and related assignment documents speak for themselves, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

96.     Nokia denies the allegations in this paragraph as calling for legal conclusions.

97.     The '714 Patent and its prosecution history speak for themselves, and Nokia denies the allegations in this paragraph to the extent inconsistent therewith.

98.     Nokia admits that it has alleged that at least Claim 9 of the '714 Patent is essential to the H.265 Standard. Nokia denies the allegations in this paragraph as calling for legal conclusions.

99.     To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of the Exhibit D to the Counterclaims (D.I. 11-4), Nokia refers to the underlying document itself for a true and complete recitation of its contents. Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith.

**NOKIA'S REFUSAL TO COMPLY WITH ITS FRAND COMMITMENTS AND ITS GLOBAL LITIGATION CAMPAIGN SEEKING INJUNCTIVE RELIEF**

100.     Nokia denies the allegations in this paragraph.

101.     Nokia admits that it contacted HP in 2019 regarding HP's need for a license to Nokia's portfolio of patents with claims essential to H.264 and/or H.265. Nokia admits that, during the parties' negotiations, it provided HP a presentation on the H.264 standard as well as a list of patents related to H.264. To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of those communications and documents, Nokia refers to the underlying

communications and documents themselves for a true and complete recitation of their contents, and Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith.

102.    Nokia admits that on July 22, 2020 it sent HP certain claims charts and a list of exemplary Nokia patents and HP products related to H.264. Nokia admits that on March 8, 2021 it sent HP lists of patents related to H.264. To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of those communications and documents, Nokia refers to the underlying communications and documents themselves for a true and complete recitation of their contents, and Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith.

103.    Nokia admits that in December 2020 it sent HP a proposed patent license agreement covering Nokia's patent claims that are essential to the decoding functionality of the H.264 standard. Nokia otherwise denies the allegations in this paragraph.

104.    Nokia admits that HP offered a lump sum of $884,864 for a "license and release" to Nokia's portfolio of H.264 patent claims. Nokia otherwise denies the allegations in this paragraph.

105.    Nokia admits that on May 13, 2021, it sent to HP three proposed patent license agreements covering Nokia's patent claims related to H.264 decoding, H.264 encoding, or both H.264 decoding and encoding. To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of those proposed patent license agreements, Nokia refers to the underlying documents themselves for a true and complete recitation of their contents, and Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith.

106.    Nokia admits that on May 13, 2021, June 9, 2021 and July 9, 2021, it sent to HP certain claims charts related to the H.264 and H.265 standards. To the extent that this paragraph

purports to paraphrase, summarize, or characterize the contents of those claims charts, Nokia refers to the underlying documents themselves for a true and complete recitation of their contents, and Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith.

107.    Nokia admits that on August 13, 2021, it sent to HP three proposed patent license agreements. To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of those proposed patent license agreements, Nokia refers to the underlying documents themselves for a true and complete recitation of their contents, and Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith.

108.    Nokia admits that it received an email from HP on August 16, 2021 concerning, in part, Nokia's proposed patent license agreements. To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of that communication, Nokia refers to the underlying communication itself for a true and complete recitation of its contents, and Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith.

109.    Nokia admits that it sent an email to HP on August 27, 2021. To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of that communication, Nokia refers to the underlying communication itself for a true and complete recitation of its contents, and Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith.

110.    Nokia admits that the parties exchanged communications in September 2021. To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of those communications, Nokia refers to the underlying communications themselves for a true and complete recitation of their contents, and Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith. Nokia further admits that the parties participated in technical

14

discussions for several months. Except as expressly admitted, Nokia denies the allegations in this paragraph.

111.     Nokia admits that HP requested a call in late March 2022, that the parties met on June 28, 2022, that Nokia extended another licensing proposal to HP on June 28, 2022. To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of those communications, Nokia refers to the underlying communications themselves for a true and complete recitation of their contents, and Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith. Except as expressly admitted, Nokia denies the allegations in this paragraph.

112.     Nokia denies the allegations in this paragraph.

113.     Nokia denies the allegations in this paragraph.

## COUNT I – BREACH OF CONTRACT (FRAND) – UNREASONABLE ROYALTY DEMANDS

114.     Nokia incorporates by reference its responses to the foregoing paragraphs.

115.     Nokia denies the allegations in this paragraph as calling for legal conclusions. To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of the Exhibit C to the Counterclaims (D.I. 11-3), Nokia refers to the underlying document itself for a true and complete recitation of its contents.

116.     To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of certain declaration forms that Nokia submitted to the ITU-T, Nokia refers to the underlying documents themselves for a true and complete recitation of their contents. Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith.

117.     Nokia denies the allegations in this paragraph as calling for legal conclusions and/or because it lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

118.     Nokia denies the allegations in this paragraph.

119.     Nokia denies the allegations in this paragraph.

120.     Nokia denies the allegations in this paragraph as calling for legal conclusions and/or because it lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## COUNT II – BREACH OF CONTRACT (FRAND) – SEEKING INJUNCTIVE RELIEF AND UNILATERALLY ABANDONING NEGOTIATIONS

121.     Nokia incorporates by reference its responses to the foregoing paragraphs.

122.     Nokia denies the allegations in this paragraph as calling for legal conclusions.

123.     Nokia denies the allegations in this paragraph as calling for legal conclusions.

124.     Nokia denies the allegations in this paragraph.

125.     Nokia denies the allegations in this paragraph.

126.     Nokia denies the allegations in this paragraph.

127.     Nokia denies the allegations in this paragraph as calling for legal conclusions and/or because it lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## COUNT III – DECLARATION OF UNENFORCEABILITY – LATE DISCLOSURE OF IPR DECLARATIONS

128.     Nokia incorporates by reference its responses to the foregoing paragraphs.

129.     To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of the ITU-T's Common Patent Policy, Nokia refers to the underlying document itself

for a true and complete recitation of its contents. Nokia otherwise denies the allegations in this paragraph as calling for legal conclusions.

130.    Nokia admits that certain employees of Nokia and/or Nokia affiliates attended standards development meetings for H.264 and H.265 and submitted technical proposals for those standards. Except as expressly admitted, Nokia denies the allegations in this paragraph.

131.    To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of certain declaration forms that Nokia submitted to the ITU-T, Nokia refers to the underlying documents themselves for a true and complete recitation of their contents. Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith.

132.    To the extent that this paragraph purports to paraphrase, summarize, or characterize the contents of certain declaration forms that Nokia submitted to the ITU-T, Nokia refers to the underlying documents themselves for a true and complete recitation of their contents. Nokia otherwise denies the allegations in this paragraph to the extent inconsistent therewith.

133.    Nokia denies the allegations in this paragraph.

134.    Nokia denies the allegations in this paragraph.

135.    Nokia denies the allegations in this paragraph.

136.    Nokia denies the allegations in this paragraph as calling for legal conclusions.

137.    Nokia denies the allegations in this paragraph.

### COUNT IV – VIOLATION OF THE SHERMAN ACT (SECTION 2)

138.    Because the Court has dismissed HP's claim under Section 2 of the Sherman Act, no response is required to this paragraph.

139.    Because the Court has dismissed HP's claim under Section 2 of the Sherman Act, no response is required to this paragraph.

140.    Because the Court has dismissed HP's claim under Section 2 of the Sherman Act, no response is required to this paragraph.

141.    Because the Court has dismissed HP's claim under Section 2 of the Sherman Act, no response is required to this paragraph.

142.    Because the Court has dismissed HP's claim under Section 2 of the Sherman Act, no response is required to this paragraph.

143.    Because the Court has dismissed HP's claim under Section 2 of the Sherman Act, no response is required to this paragraph.

144.    Because the Court has dismissed HP's claim under Section 2 of the Sherman Act, no response is required to this paragraph.

145.    Because the Court has dismissed HP's claim under Section 2 of the Sherman Act, no response is required to this paragraph.

### COUNT V – BREACH OF DUTY TO NEGOTIATE IN GOOD FAITH

146.    Nokia incorporates by reference its responses to the foregoing paragraphs.

147.    Nokia denies the allegations in this paragraph.

148.    Nokia denies the allegations in this paragraph.

### COUNT VI – DECLARATORY JUDGMENT OF OBLIGATION OF NOKIA TO LICENSE SEPS ON FRAND TERMS AND CONDITIONS AND DECLARATION OF FRAND TERMS AND CONDITIONS

149.    Nokia incorporates by reference its responses to the foregoing paragraphs.

150.    Nokia admits that it and certain Nokia affiliates have participated in standards development, including within the ITU-T. Except as expressly admitted, Nokia denies the allegations in this paragraph as calling for legal conclusions.

151.    Nokia denies the allegations in this paragraph.

152.    Nokia denies the allegations in this paragraph as calling for legal conclusions.

153.    Nokia denies the allegations in this paragraph.

154.    Nokia admits that HP is requesting a judicial determination and declaration, but otherwise denies the allegations in this paragraph as calling for legal conclusions.

## COUNT VII – COMMON LAW FRAUD

155.    Nokia incorporates by reference its responses to the foregoing paragraphs.

156.    Nokia denies the allegations in this paragraph.

157.    Nokia denies the allegations in this paragraph.

158.    Nokia denies the allegations in this paragraph.

159.    Nokia denies the allegations in this paragraph as calling for legal conclusions.

160.    Nokia denies the allegations in this paragraph.

161.    Nokia denies the allegations in this paragraph.

162.    Nokia denies the allegations in this paragraph.

163.    Nokia denies the allegations in this paragraph.

## PRAYER FOR RELIEF

The remainder of the Counterclaims recites a prayer for relief for which no response is required. To the extent any response is required, Nokia denies that HP has any valid cause of action. Nokia further denies that HP is entitled to any of the requested relief.

## JURY TRIAL DEMAND

Nokia admits that HP has demanded a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues so triable and Nokia similarly demands a jury trial on all issues so triable.

## <u>AFFIRMATIVE DEFENSES</u>

Nokia asserts the following defenses with respect to HP's Counterclaims, without assuming the burden of proof or persuasion where such burden rests on HP. Nokia reserves the right to assert additional defenses or to amend these defenses as this action proceeds.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to Negotiate in Good Faith)

HP has failed to negotiate with Nokia in good faith concerning HP's need for a license to Nokia's portfolio of patent claims essential to the H.264 and H.265 standards. Because HP has failed to negotiate in good faith, it cannot seek equitable relief, and cannot enforce, invoke, or claim any benefit under an alleged F/RAND commitment by Nokia to the ITU-T as an alleged third-party beneficiary.

### SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands / Estoppel)

HP's claims are barred in whole or in part by the doctrine of unclean hands and/or estoppel, including because, upon Nokia's information and belief, HP has collected royalties on patents that would be not be enforceable due to late disclosure under HP's interpretation of the ITU-T Common Patent Policy set forth in its counterclaims.

### THIRD AFFIRMATIVE DEFENSE

### (Additional Defenses)

Nokia reserves the right to assert any additional defenses as may be disclosed or may become available or apparent during the course of investigation and discovery.

## JURY TRIAL DEMAND

Nokia hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil

Procedure as to all issues so triable.

Dated: May 28, 2024                          Respectfully submitted,

                                             **FARNAN LLP**

                                             */s/ Brian E Farnan*
                                             Brian E. Farnan (Bar No. 4089)
                                             Michael J. Farnan ( Bar No. 5165)
                                             919 N. Market St. 12th Floor
                                             Wilmington DE 19801
                                             Tel.: (302) 777-0300
                                             bfarnan@farnanlaw.com
                                             mfarnan@farnanlaw.com

                                             **MCKOOL SMITH, P.C.**

                                             Warren H. Lipschitz (admitted *pro hac vice*)
                                             Alexandra F. Easley (admitted *pro hac vice*)
                                             300 Crescent Ct. Ste. 1200
                                             Dallas, TX 75224
                                             Tel.: (214) 978-4000
                                             wlipschitz@mckoolsmith.com
                                             aeasley@mckoolsmith.com

                                             R. Mitch Verboncoeur (admitted *pro hac vice*)
                                             303 Colorado St Suite 2100
                                             Austin, TX 78701
                                             Tel.: (512) 692-8700
                                             mverboncoeur@mckoolsmith.com

                                             Josh Newcomer (admitted *pro hac vice*)
                                             600 Travis St., Suite 7000
                                             Houston, Texas 77002
                                             Tel.: (713) 485-7300
                                             jnewcomer@mckoolsmith.com

                                             Kevin Burgess (admitted *pro hac vice*)
                                             104 East Houston St., Suite 300
                                             Marshall, Texas 75670
                                             Tel.: (903) 923-9000

kburgess@mckoolsmith.com

**ALSTON & BIRD LLP**

Theodore Stevenson, III (admitted *pro hac vice*)
2200 Ross Ave. #2300
Dallas, TX 75201
Tel.: (214) 922-3400
ted.stevenson@alston.com

John D. Haynes (admitted *pro hac vice*)
Nicholas T. Tsui (admitted *pro hac vice*)
Mark A. McCarty (admitted *pro hac vice*)
Bryan W. Lutz (admitted *pro hac vice*)
Shawn Gannon (admitted *pro hac vice*)
1201 West Peachtree Street
Atlanta, GA 30309
Tel.: (404) 881-7000
john.haynes@alston.com
nick.tsui@alston.com
mark.mccarty@alston.com
bryan.lutz@alston.com
shawn.gannon@alston.com

*Attorneys for Plaintiff*