**IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE**

| | |
|---|---|
| **NOKIA TECHNOLOGIES OY,** | |
| **Plaintiff,** | **C.A. No.: 23-cv-1237-GBW** |
| **v.** | |
| **HP, Inc.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Nokia Technologies Oy (hereinafter "Nokia") and Defendant HP Inc. (collectively "HP"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." The designation shall be placed clearly on each page of the Protected Material (except deposition

1

and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the word(s) "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" Material. If such electronic files or documents are printed (for example, for use at a deposition, in a court proceeding, or for provision in printed form to an approved expert or consultant), the Party printing the electronic files or documents shall place on the printed document the appropriate designation, as well as the production numbers associated with the electronic files or documents.

2.      Any document produced before issuance of this Order with the designation "RESTRICTED – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER"  shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

Information and items designated in other matters as "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" or "RESTRICTED ATTORNEYS EYES ONLY" which are produced in this matter shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order without further designation.

3.    With respect to documents, information or material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all deposition testimony, or documents marked as exhibits or for identification in depositions; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (i.e., "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party that inadvertently or unintentionally produces Protected Material

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," both individually and collectively.

without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.     "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party or upon order of the Court:

(a)     outside counsel of record in the above captioned action ("Action") for the Parties;

(b)     employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)     up to and including three (3) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, provided that before access is given, the in-house counsel has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a notice that shall include: (a) the in-house counsel's name and business title; (b) business address; (c) the in-house counsel's CV; and (d) a list of all companies with which the in-house counsel has been employed within the last four years.  The Undertaking and notice shall be served at least seven (7) days before access to the CONFIDENTIAL material is to be given to that in-house counsel. Within seven (7) days of being served with the notice of the intended disclosure, the producing Party may object to and notify the receiving Party in writing that it objects to disclosure of CONFIDENTIAL material to the in-house counsel.  The Parties agree to promptly confer and use good faith to resolve any such objection. A producing Party's objection to the disclosure of CONFIDENTIAL material to an in-house counsel must state with particularity the ground(s) of the objections. If no Party raises such an objection within seven (7) days of receiving notice of the intended disclosure, the in-house counsel shall be deemed qualified to receive the CONFIDENTIAL material described in the notice of intended disclosure. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within seven (7) days of the objection, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the

4

burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. A failure to file a motion within seven (7) days after raising the objection, absent an agreement of the Parties to the contrary or for an extension of such seven (7) day period, shall operate to allow disclosure of the CONFIDENTIAL material to the in-house counsel objected to. The Parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules;

(d)     up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, provided that before access is given, the designated representative has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a notice that shall include: (a) the designated representative's name, business title, and current employer; (b) business address; (c) the designated representative's CV; and (d) a list of all companies with which the designated representative has been employed within the last four years. The Undertaking and notice shall be served at least seven (7) days before access to the CONFIDENTIAL material is to be given to that designated representative. Within seven (7) days of being served with the notice of the intended disclosure, the producing Party may object to and notify the receiving Party in writing that it objects to disclosure of CONFIDENTIAL material to the designated representative. The Parties agree to promptly confer and use good faith to resolve any such objection. A producing Party's objection to the disclosure of CONFIDENTIAL material to a designated representative must state with particularity the ground(s) of the objections. If no Party raises such an objection within seven (7) days of receiving notice of the intended disclosure, the designated representative shall be deemed qualified to receive the CONFIDENTIAL material described in the notice of intended disclosure. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within seven (7) days of the objection, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. A failure to file a motion within seven (7) days after raising the objection, absent an agreement of the Parties to the contrary or for an extension of such seven (7) day period, shall operate to allow disclosure of the CONFIDENTIAL material to the designated representative objected to. The Parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules. Either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)     mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected

Material confidential;

(f)     outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action, or by a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or a competitor of a Party;[2] (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a notice that shall include: (a) the individual's name, business title, and current employer(s); (b) business address; (c) the individual's CV; (d) a list of other cases in which the individual has testified (at trial or deposition) within the last five years; (e) a list of all companies with which the individual has consulted or by which the individual has been employed, including in connection with a litigation, within the last four years. The Undertaking and notice shall be served at least seven (7) days before access to the Protected Material is to be given to that expert or consultant. Within seven (7) days of being served with the notice of the intended disclosure, the producing Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.  The Parties agree to promptly confer and use good faith to resolve any such objection. A producing Party's objection to the disclosure of Protected Material to an outside consultant or expert must state with particularity the ground(s) of the objections. If no Party raises such an objection within seven (7) days of receiving notice of the intended disclosure, the outside consultant or expert shall be deemed qualified to receive the Protected Material described in the notice of intended disclosure. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within seven (7) days of the objection, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. A failure to file a motion within seven (7) days after raising the objection, absent an agreement of the Parties to the contrary or for an extension of such seven (7) day period, shall operate to allow disclosure of the Protected Material to the outside consultant or expert objected to. The Parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules;

(g)     any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order;

(h)     independent litigation support services, including persons working for or as court

---

[2] For avoidance of doubt, an independent expert or consultant retained (as opposed to employed) by a Party on another litigation would not be precluded under this section.

reporters, graphics or design services, jury or trial consulting services, interpreters or translators, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(i)     the Court and its personnel.

6.     A Party shall designate documents, information, or material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7.     Documents, information, or material produced in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.     To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation (e.g. financial information, confidential licenses, technical documentation describing non-public information about the operation of a product, email or other correspondence, etc.), the producing Party may designate such Protected Material

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." To the extent such Protected Material contains a Party's source code, including non-public computer source code, chip-level schematics and/or live data (e.g., database files or data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL – SOURCE CODE." "Source Code Material" shall mean documents containing or substantively relating to confidential, proprietary and/or trade secret source code, including computer source code, source code listing and descriptions of source code, object code (i.e. computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), object code listings and descriptions of object code, microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code. Source Code Material also includes files for use with chip design software or that can be used to create a significant portion of the producing Party's chip associated with the schematic. For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

9.     A receiving Party may include short excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document ("Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's

rules, procedures and orders. To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE.

10.    For Protected Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-i).

11.    For Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE," access to, and disclosure of such Protected Material shall be limited to only the individuals listed below ("Authorized Reviewers"):

    (a) Outside counsel of record for the Parties to this action, including any attorneys, paralegals, technology specialists, copy vendors, and clerical employees of their respective law firms;

    (b) Up to four (4) outside experts or consultants per Party,[3] pre-approved in accordance pursuant to paragraph 5(f) above;

    (c) The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action. Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code Material; copies of Source Code Material that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to the deposition transcript; rather, the deposition record will identify the exhibit by its production numbers;

    (d) While testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the producing Party or original source of the information; (ii) any person designated by the producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other than in connection with this

---

[3] For the purpose of this paragraph and paragraph 5(f), an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within their firm to help in their analysis shall count as a disclosure to a single consultant or expert.

litigation), or was directly involved in creating, modifying, or editing the Source Code Material, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Source Code Material pursuant to this sub-paragraph shall not retain or be given copies of the Source Code Material presented at the deposition or trial except while so testifying.

12.    Access to and review of the Source Code Material by a receiving party shall be strictly for the purpose of investigating the claims and defenses at issue in the above-captioned case. No person associated with a receiving party shall review or analyze any Source Code Material for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing Source Code Material in this case in any other pending or future dispute, proceeding, or litigation.

13.    The inspection of Source Code Material shall be governed by the following provisions:

(a) All Source Code Material shall be made available by the producing Party to the receiving Party's outside counsel and experts on a "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). A second "stand-alone" computer may be provided at the same location as the initial "stand-alone" computer at a receiving Party's request to accommodate simultaneous review by multiple reviewers.  The parties will confer in good faith regarding the need for any additional stand-alone computers, but in any event the producing Party shall not be required to provide the receiving Party with more than three (3) stand-alone computers. The computers shall be made available at the offices of outside counsel in a location within the continental U.S. All stand-alone computers on which Source Code Material is made available shall be subject to the restrictions described herein. The stand-alone computers may be connected to a monitor (of size no less than 23 inches), keyboard and mouse. The stand-alone computers must conform to reasonable, modern specifications.

   i.   To enable electronic note taking during Source Code reviews, the producing Party of Source Code shall also provide an additional "note-taking" computer loaded with at least Microsoft One Note, Notepad++, and Microsoft Word software, unless otherwise agreed by the producing Party and the receiving Party.  The note-taking computer shall either be a portable laptop or be located in close proximity to the stand-alone computer to facilitate electronic notetaking, and shall not be linked to any network, including a local area network, an intranet or the Internet;

   ii.  At the beginning of a Source Code review session, the producing Party shall, when requested by the reviewer, upload to the note-taking computer

an encrypted notes file (e.g., uploading an encrypted notes file from a USB memory stick provided by the reviewer to the note-taking computer);

iii. The reviewer may then decrypt and open the notes file using the note-taking computer for the purpose of taking notes during the Source Code review session. During the Source Code review session, the producing Party may disable any input and/or output devices on the notetaking computer (e.g., disable any USB ports, Wi-Fi or Ethernet connectivity, and/or optical disc drives) except as necessary to enable the reviewer to take notes (e.g., enable mouse and keyboard). Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop/computer, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the note-taking computer or the Source Code review computer;

iv. At the end of a Source Code review session, the reviewer may save any notes in the same encrypted notes file. The producing Party shall, when requested by the reviewer, download from the note-taking computer the encrypted notes file and provide an electronic copy to the reviewer (e.g., downloading the encrypted notes file from the note-taking computer to a USB memory stick provided by the reviewer);

v. Notwithstanding this stipulation, no reviewer may at any time copy or include in electronic notes any portions or sections of the Source Code. Reviewers using electronic note-taking will be directed by undersigned counsel not to copy or include in electronic notes any portions or sections of the Source Code;[4]

vi. If requested by the producing Party, a copy of the encrypted notes file shall remain on the note-taking computer, so long as it remains encrypted;

vii. If requested by the producing Party, a representative for the producing Party may oversee the transfer of the encrypted notes file from the secure data storage device to the note-taking computer, and vice-versa, without reviewing the substance of the electronic notes;

viii. The reviewer shall not take notes electronically on the "stand-alone" computer containing Source Code Material or any other computer or electronic device (besides the note-taking computer) while conducting a review.

(b) The producing Party will make the stand-alone computers available to the receiving Party for inspection between the hours of 8 a.m. and 6 p.m. on business

---

[4] Including a source code file name or function name in electronic notes shall not constitute prohibited copying of a portion or section of the Source Code.

days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. The receiving Party shall provide ten (10) business days' notice of its intent to inspect for its initial inspection of the Source Code Material that has been produced by the producing Party and identify in writing all qualified persons who will review the Source Code Material. The receiving Party shall provide three (3) business days' notice prior to any additional inspection and identify in writing all qualified persons who will review the Source Code Material. The producing Party shall be reasonable in accommodating requests for inspection on shorter notice. The receiving Party's qualified persons entering the source code room shall sign on each day they view Source Code Material on the stand-alone computers a log that will include the names of persons who enter the room containing the stand-alone computers and when they enter and depart;

(c) Proper identification of all authorized persons shall be provided prior to any access to the room containing a stand-alone computer. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the room where stand-alone computers are located may be denied, at the discretion of the producing Party, to any individual who fails to provide proper identification;

(d) Access to Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE shall be limited to the receiving Party's outside counsel and up to four (4) of its outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(f) above. If the receiving Party determines based upon the volume of Source Code Material produced that it would like to have more than four outside consultants or experts for reviewing such material, the producing Party shall in good faith discuss with the receiving Party reasonable requests to increase the number. Except for the note-taking computer described above in paragraph 13(a), the receiving Party may not bring any electronic devices into the room where stand-alone computers are provided, including, but not limited to, cameras, cellular phones, recordable media, or recording devices. The receiving Party will not copy, remove, or otherwise transfer or transmit any Source Code Material from a stand-alone computer. The receiving Party will not remove copies of all or any portion of the Source Code Material from the room in which the Source Code Material is inspected. Further, unless otherwise provided herein, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as reasonably necessary to create documents which, pursuant to applicable rules, procedures or orders, must be filed or served

12

electronically (such as expert reports, discovery responses and motions, summary judgment motions, demonstrative or other exhibits, or infringement contentions), provided that the Source Code Documents (i.e., documents that contains a source code excerpt) are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, include the minimal amount of Source Code Material information as the Receiving Party determines in good faith is reasonably necessary, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders. Wherever possible, the receiving Party will make reasonable and good-faith effort to limit this information to references to production numbers, file names, and line numbers;

(e)  The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computers;

(f)  The producing Party will produce Source Code Material in native (computer searchable) format on the stand-alone computers as described above;

(g)  A producing Party's Source Code Material may only be transported by the receiving Party by a person authorized under paragraph 13(d) above to another person authorized under paragraph 13(d) above, on paper via hand carry or overnight courier. Except as otherwise provided herein, the receiving Party may not transmit the producing Party's Source Code Material electronically over a network of any kind, including a LAN, an intranet, or the Internet. The receiving Party may request that one stand-alone computer be provided at a deposition for use during the deposition of a witness who would  otherwise be permitted access to the stand-alone computers. The receiving Party shall make such requests to the producing Party at least ten (10) days before the deposition. Copies of printed Source Code Material that are marked as deposition exhibits, may be provided to the Court Reporter during the deposition, but shall not be retained by the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code Material brought to the deposition that are used as exhibits shall remain with the producing Party's outside counsel;

(h)  Except as provided herein and set forth in paragraph 13(d) above, 13(i) and (k) below, and in this paragraph, no person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL – SOURCE CODE" material.  The receiving Party may request up to three paper copies ("Source Code Printouts") of limited portions of Source Code Material, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial.  Any printed portion that consists of more than twenty (25) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate good cause for such a printed copy. Further, print outs of more than 1000 pages per

version of source code total shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate good cause for exceeding 1000 total pages per version of source code.  Using the software available on the stand-alone computer(s), the receiving Party shall create PDFs of the printed copies the receiving Party is requesting and save them in a folder on the desktop named "Print Requests" with a subfolder identifying the date of the request.  The request for printed Source Code Material shall be served via email request identifying the subfolders of the "Print Requests" folder that the receiving Party is requesting. Within five (5) business days, the producing Party shall provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL – SOURCE CODE."  Although the receiving Party may print entire file(s) that have been identified as of interest, the receiving Party shall not print Source Code Material in order to review blocks of Source Code Material outside the stand-alone computer in the first instance, *i.e.*, as an alternative to reviewing that Source Code Material electronically on the stand-alone computer;

(i)  Except on a temporary basis in connection with a particular deposition, hearing, or specific Court proceeding, the receiving Party's outside counsel may make no more than five (5) copies of any printed page of the Source Code Material received from a producing Party pursuant to Paragraph 13(h).  The receiving Party's outside counsel shall maintain a log of all such paper copies of the Source Code Material, including the recipients and storage locations of the same.  All such copies shall be designated and clearly labeled HIGHLY CONFIDENTIAL – SOURCE CODE. Upon five (5) days advance notice to the receiving Party, based on a particularized showing of need for the log, the receiving Party shall provide a copy of  this  log to  the  producing  Party.

(j)  If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g*., a hotel prior to a Court proceeding or deposition);

(k)  Except as provided in this Order, absent express written permission from the producing Party, the receiving Party may not create electronic images, or any other images, or make electronic copies, of Source Code Material from any paper copy of Source Code Material for use in any manner (including by way of example only, the receiving Party may not scan the Source Code Material to a PDF or photograph the code). The receiving Party shall not include excerpts of Source Code Material (either graphical copies or copied text) in correspondence between the Parties

(references to production numbers shall be used instead), and shall omit images or copies of Source Code Material from pleadings and other papers unless the receiving Party reasonably believes that such images or copies are necessary. If a receiving Party reasonably believes that it is necessary, the receiving Party may include excerpts of Source Code Material in a pleading, expert report, or filing with the court, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, include the minimal amount of such Source Code Material information that is reasonably necessary, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders. Wherever possible, the receiving Party will make a reasonable and good-faith effort to limit this information to references to production numbers, file names, and line numbers;

(l) To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE;

(m) The producing Party shall provide a reasonable set of software tools on each stand-alone computer that can be used on the stand-alone computers to view and search human-readable Source Code Material. The producing Party shall provide a list of such available tools five (5) business days prior to the initial date that the producing Party makes Source Code Material available on stand-alone computers. The receiving Party's outside counsel may request that additional commercially available software tools for viewing and searching Source Code Material be installed on the stand-alone computers, provided, however, that (a) the receiving Party possesses an appropriate license to such software tools; (b) the producing Party approves such software tools, such approval not to be unreasonably withheld; and (c) such other software tools are reasonably necessary for the receiving Party to perform its review of the Source Code Material consistent with all of the protections herein. The receiving Party must provide the producing Party with the CD or DVD, or link, containing such licensed software tool(s) at least three (3) business days in advance of the date upon which the receiving Party wishes to have the additional software tools available for use on the stand-alone computers.

14.   Absent written consent from the designating Party, any outside counsel representing a Party and any person associated with a Party and permitted to receive the other Party's Protected Materials that is designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – SOURCE CODE (collectively

"HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not thereafter prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. Nothing in this Order shall prohibit the acquisition of patents or patent applications for any entity other than a party. The prohibitions in this Paragraph are not intended to and shall not preclude counsel who obtains, receives, or otherwise learns of, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL of a technical nature from participating directly or indirectly in reexamination, *inter partes* review, interference proceedings, or post-grant review proceedings.

15.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. The production or disclosure of any information (including documents) in this Action that a producing Party later claims should not have been produced due to a privilege or protection from discovery, including but not limited to any attorney-client privilege, work product privilege, joint defense privilege, or settlement privilege, shall not be deemed to waive any such privilege or protection. If a receiving Party receives information that the receiving Party believes may be subject to a claim of privilege or protection from discovery, the receiving Party shall promptly identify the information to the producing Party. When a producing Party identifies such information as privileged or protected, a receiving Party: 1) shall not use,

and shall immediately cease any prior use of, such information; 2) shall take reasonable steps to retrieve the information from others to which the receiving Party disclosed the information; 3) shall within five (5) business days of the producing Party's request return to the producing Party or destroy the information and destroy all copies thereof; and 4) shall confirm to the producing Party the destruction under 3) above of all copies of the information not returned to the producing Party. No one shall use the fact or circumstances of production of the information in this Action to argue that any privilege or protection has been waived. Notwithstanding this provision, no party shall be required to return or destroy any information that may exist on any disaster recovery backup system.

16.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.  Outside counsel with access to DESIGNATED MATERIAL, including attorneys, staff, and other support personnel, may only store DESIGNATED MATERIAL on law firm-managed computing devices (that is, not on personal devices), which are managed by a law firm-appointed information technology ("IT") administrator and include safeguards to prevent the installation of unauthorized software.  For clarity, "Bring Your Own Device" or BYOD mobile devices that are managed via law-firm managed Mobile Device Manager (MDM) software, or like technology, qualify as law-firm managed computing devices.  For the avoidance of doubt, "screen mirroring" functionality that permits remote viewing of DESIGNATED MATERIAL is permissible.  For clarity, use of a law firm-managed computing device via a law-firm managed VPN does not qualify as "working remotely in

a virtual setting."  Furthermore, this paragraph (paragraph 16) is not intended to prohibit storing DESIGNATED MATERIAL on the servers of professional third-party discovery vendors that have safeguards in place to protect against unauthorized access.  This paragraph (paragraph 16) is also not intended to prohibit accessing and downloading DESIGNATED MATERIAL stored on the servers of such professional third-party discovery vendors from law firm-managed computing devices.  To enhance security, access by outside counsel personnel to the third-party discovery vendors storing DESIGNATED MATERIAL shall be limited to those personnel actively working on this matter.  Furthermore, to the extent technically feasible, outside counsel personnel with access to the DESIGNATED MATERIAL stored with such third-party discovery vendors shall be limited to accessing such DESIGNATED MATERIAL from law-firm managed computing devices.  Even if not technically feasible to limit access to such third-party discovery vendors from law-firm managed computing devices, outside counsel personnel with access to the DESIGNATED MATERIAL stored with such third-party discovery vendors shall only access such material from law-firm managed computing devices.  Personnel permitted access to DESIGNATED MATERIAL under this order that are not outside counsel must employ the most comparable protections reasonably available to them (for example, only using professional devices to store DESIGNATED MATERIAL, as opposed to personal devices).  For clarity, the additional protections for Source Code Material and HIGHLY CONFIDENTIAL – SOURCE CODE material included in this order apply.

17.   If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated

Protective Order, the receiving Party must immediately (a) notify the designating Party in writing of the unauthorized disclosures, and provide all known, relevant information concerning the nature and circumstances of the disclosure; and (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and to ensure that no further or greater unauthorized disclosure and/or use occurs.

18.   Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen or has access to such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 5, 10, 11, and 13 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation and has been approved to receive DESIGNATED MATERIAL pursuant to section 5(f); (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

19.   Parties may, at a deposition or within thirty (30) days after receipt of a deposition

transcript, designate the deposition transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Order.  Access to the deposition transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period and unless previously designated, the entire deposition transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

20. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal in accordance with the Court's filing under seal rules and procedures.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.

21. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court. Further, nothing in this Order shall be deemed to prevent the Parties from requesting that the Court seal the courtroom or enact other measures to prevent the unauthorized disclosure of Protected Material during hearings or trial.

22. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil

Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

23. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

24. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties"), and in the event that such Third Parties contend that the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order. Information originating with a Third Party and in a producing Party's custody or control that a producing Party reasonably and in good faith believes is subject to a confidentiality obligation may be designated by a producing Party as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," and such Protected Information shall be subject to the restrictions specified in this Order.

25. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties.

The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

26.   Within fourteen (14) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL stored in electronic form in the possession of a receiving Party including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof, shall be taken "offline," meaning that any access to those materials available via login over the public Internet (for example, login to a e-discovery vendor hosting DESIGNATED MATERIAL) shall be removed.  Within sixty (60)  days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL in the possession of a receiving Party, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall be destroyed, with the exception of any source code which shall be returned to the producing Party.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.  Notwithstanding the foregoing, outside counsel for a Party may retain court filings, pleadings, written discovery, discovery responses, expert reports, deposition, hearing, and trial transcripts and exhibits, work-product and attorney-client communications that constituted, incorporate or reference DESIGNATED MATERIAL so long as maintained in accordance with this Order.

27.    The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

28.    Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

29.    In the event the receiving Party becomes aware of any potential, suspected, apparent, or actual unauthorized access to DESIGNATED MATERIAL, including any "data breach" of DESIGNATED MATERIAL, the receiving Party shall immediately provide written notice of the potential, suspected, apparent, or actual unauthorized access to the producing Party.  "Immediately" for purposes of this paragraph shall be defined to mean "as soon as reasonably possible." The written notice shall include complete information regarding the potential, suspected, apparent, or actual unauthorized access, including all applicable facts and circumstances leading up to and resulting from the potential, suspected, apparent, or actual unauthorized access.  The receiving Party will reasonably cooperate with the producing Party to investigate the potential, suspected, apparent, or actual unauthorized

access.  Neither party waives any rights that would otherwise be available to them to seek compensation for actual unauthorized access.  Such rights include the right of the producing Party to seek an order from the Court that the receiving Party shall bear the losses and expenses (including any attorneys' fees) associated with actual unauthorized access.

30. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

31. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

32. The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning DESIGNATED MATERIAL produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of Delaware.

33. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

34. Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information

designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," pursuant to this

order shall promptly notify that party of the motion so that the party may have an

opportunity to appear and be heard on whether that information should be disclosed.


Dated: July 12, 2024                          Respectfully submitted,

FARNAN LLP                                    MORGAN, LEWIS & BOCKIUS LLP

/s/ Brian E. Farnan                           /s/ John V. Gorman
Brian E. Farnan (Bar No. 4089)                John V. Gorman (#6599)
Michael J. Farnan (Bar No. 5165)              Amy M. Dudash (#5741)
919 N. Market Str., 12th Floor                1201 N. Market Street, Suite 2201
Wilmington, DE 19801                          Wilmington, DE 19801
Tel: (302) 777-0300                           Telephone: (302) 574-3000
Fax: (302) 777-0301                           john.gorman@morganlewis.com
bfarnan@farnanlaw.com                         amy.dudash@morganlewis.com
mfarnan@farnanlaw.com
                                              *Attorneys for Defendant HP Inc.*


         SO ORDERED.


                           _____
                           The Honorable Gregory B. Williams

**IN THE UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF DELAWARE**

| | |
|---|---|
| **NOKIA TECHNOLOGIES OY,** | |
| **Plaintiff,** | **C.A. No.: 23-cv-1237-GBW** |
| **v.** | |
| **HP, Inc.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.  My address is _____.

    My current employer is _____.

    My current occupation is _____.

2.  I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.  I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.  Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared

1

relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____